REQUESTED BY: Dear Senator Wesely:
This is in reply to your inquiry concerning the Warner-Wesely amendment found on page 1252 of the Legislative Journal of April 2, 1979 to LB 327. Said amendment is very limited in scope, merely changing the word `five' to `ten' in the present sections 15-901, R.R.S. 1943, and 23-174.03, R.S.Supp., 1978. The effect of this change is to raise the present statute from five acres to ten acres that may be contained in the smallest parcel created in a division of land without subjecting said division to regulation by a city of the primary class or county planning commissions. Otherwise both statutes remain the same. We see nothing in these changes which has any bearing on the constitutionality of the statutes or of LB 327 so long as the changes in the title, as hereinbelow mentioned, are made to conform.
The amendment also renumbers the original actions 1 to 4 and 5 to 8.
We call your attention to the fact that on page 1007 of the Legislative Journal for March 20, 1979, an amendment was proposed to LB 327 which strikes the original sections 1 through 6 and inserts in its place the material there found, composed of two paragraphs. This amendment was adopted by the Legislature at page 1215 of the Legislative Journal for March 30, 1979. This latter amendment also relates to subdivisions of real estate and zoning and adjustment boards but applies to cities of the first and second class and villages only.
The title to the original bill mentions only second class cities and villages as being affected. This title does not accurately describe the contents of the bill as proposed and is probably constitutionally defective. However, since the amendment which has been adopted and your proposed amendment both relate to the general subject of zoning and subdivision of real estate a title could unquestionably be devised which would cover both amendments adequately.